. COMMONWEALTH *vs.* LOWELL GAS LIGHT COMPANY.

The legislature have power, by a general law, to require corporations organized here to pay to the treasurer of the Commonwealth a tax upon the excess of the market value of all the capital stock thereof over the value of their real estate and machinery taxable in the city or town where they are situated.

A gas light company, incorporated under a charter which does not authorize it to take private property, not already appropriated to public use, or impose upon it any public duty is not a public corporation in such sense as to exempt its property from taxation in the city or town where it is situated.

Gas pipes owned by a gas light company and used for the purpose of distributing gas through the streets, and the meters used for measuring out the gas to the consumers, are to be regarded as "machinery" of the corporation, and their value is accordingly to be deducted from the market value of the capital stock of the corporation, in ascertaining the state tax to be assessed upon the corporation under *St.* 1864, *c.* 208.

CONTRACT brought to recover the amount of a tax assessed upon a gas light corporation, for the year 1864, under *St.* 1864, *c.* 208.

It was agreed, in this court, that all the formal requirements of the statute had been complied with. The commissioners determined the market value of the capital stock of the defendants to be $240,000, and deducted therefrom the value of the real estate and machinery for making gas, amounting together to $126,354; leaving a balance of $113,646, upon which they assessed the tax now sought to be recovered. The mains and pipes used for distributing gas, laid in the streets and ways of Lowell, and the mains leading from the works to the gasometers, together with the meters in the places where the gas is taken, were of the value of $113,646.

The defendants were incorporated by *St.* 1849, *c.* 234, and were taxed in Lowell in 1864 for all their property, valued at $240,000.

The case was reserved, by *Chapman,* J., for the determination of the full court.

*Reed,* A. G., for the Commonwealth. The defendants are a *quasi* public corporation, and therefore were not taxable in Lowell for their mains, supply-pipes and meters. *St.* 1849, *c.* 234. Gen. Sts. *c.* 61, § 16. *St.* 1861, *c.* 168. *Boston Water Power*

*Co.* v. *Boston*, 9 Met. 199. *Wayland* v. *County Commissioners*
4 Gray, 500, and cases cited. *Charlestown* v. *County Commis-
sioners*, 1 Allen, 199. The defendants have power to dig up
and open streets and lanes; a use for which the person owning
the fee might claim damages. They likewise have public du-
ties. They may be compelled to light the streets. See *Shepard*
v. *Milwaukee Gas Co.* 6 Wisconsin, 539; *S. C.* 11 Wisconsin,
234; *St.* 1861, *c.* 168, §§ 11, 12. A gas light company is in-
tended for the benefit of the public, as much as an aqueduct
company.

The property in question is neither real estate nor machinery.
*T. Wentworth*, for the defendants.

BIGELOW, C. J. The question submitted to us in this case is
not whether a corporation established for the purpose of making
and supplying gas may not be properly taxable under *St.* 1864,
*c.* 208, § 5, if it shall be found that the market value of all the
shares or capital stock of such corporation exceeds the value of
its real estate and machinery as returned by the assessors of a
town or city, according to the provision in § 1. We do not
understand that the legislature intended that the assessment au-
thorized by that statute should be imposed as a tax on property.
It was designed to be in the nature of an excise or duty on the
franchise or privilege of each of the corporations designated, to
be estimated and measured by ascertaining the excess of the
market value of the capital stock or aggregate of the shares over
the value of the real estate and machinery for which each corpo-
ration was assessed in the town or city in which it was estab-
lished and carried on its business. See *Commonwealth* v. *Ham-
ilton Manuf. Co. post*, 298. There may be cases, therefore,
where a corporation may be possessed of no personal estate
whatever, the whole of its property being invested in real estate
and machinery, and yet it may be liable to assessment under
the provisions of the statute, because the market value of all its
shares may exceed the value of its real estate and machinery;
its franchise or corporate rights and privileges being estimated
at a value beyond all the property in its possession, as shown
by the price for which its shares are sold in the market. In this

aspect, it is clear that it was competent for the legislature to impose the assessment as an excise or duty under the Constitution, part 2, *c.* 1, § 1, art. 4.

It is contended, in behalf of the Commonwealth, that the tax assessed on the defendants is legal and valid, and that no deduction ought to be made therefrom on account of real estate or machinery owned by them, because the corporation is not taxable at all therefor in the city of Lowell. The ground of this contention is, that the defendants are a *quasi* public corporation, and come within the principle on which turnpike, railroad, canal and other like corporations, established for the convenience and accommodation of the public, are held to be exempt from ordinary taxation in the cities or towns where they own property, which is held and used by them for purposes connected with or essential to the due exercise of their corporate rights and duties.

But we fail to see that the defendants can be properly regarded as a corporation of this character. No public duty is imposed upon them, nor are they charged with any public trust. They are authorized to make and distribute gas for their own profit and gain only. They are not bound to sell and dispose of it to any one, either for public or private use or consumption. It is entirely at their own option whether they will exercise their corporate rights and privileges at all; and if they undertake to manufacture and dispose of gas, the extent to which they shall carry on the business is left to their own election. Nor is any power conferred upon them to take private property, not previously appropriated to a public use, for the purpose of exercising and enjoying their franchise. The only right or privilege given to them is to dig up public streets and ways for the purpose of laying down their mains or pipes. The word "lanes" in the statute does not signify the land of individuals over which there is only a private right of way, but, construed with reference to the maxim *noscitur a sociis*, must be held to mean only such ways as the public have acquired a right to use. The right which the defendants have is only to use land, the whole beneficial use of which has been previously taken from the owner and appropriated for a pub ic use, in such manner that no nuisance

shall be committed, no disturbance be created to the easement of the public, and no injury done to abutting owners of private property. *St.* 1849, *c.* 234. Gen. Sts. *c.* 61, § 16. There is therefore no ground for the exemption of the defendants from ordinary taxation on their real estate and machinery.

The remaining question is, whether the commissioners appointed to ascertain and fix the value of the aggregate of the shares or capital stock, and to deduct therefrom the value of the real estate and machinery belonging to the corporation, have properly omitted to include within the latter the value of the mains and pipes used for distributing gas throughout the city in the various streets, lanes and by-ways, and also the value of the mains leading from the place where the gas is made to the large gas-holders, together with the value of the meters through which the gas passes in each place where it is consumed, in order to measure the quantity there used. On this question, it seems to us that there is no room for serious doubt. The corporation is established, in the words of the act creating it, " for the purpose of manufacturing and disposing of gas in the city of Lowell." The mains or pipes laid down in the streets and elsewhere to distribute the gas among those who are to consume it were clearly a part of the apparatus necessary to be used by the corporation in order to accomplish the object for which it was established. They constituted a part of the machinery by means of which the corporate business was carried on, in the same manner as pipes attached to a pump or fire-engine for the distribution of water, or wheels in a mill which communicate motion to looms and spindles, or the pipes attached to a steam-engine to convey and distribute heat and steam for manufacturing purposes, make a portion of the machinery of the mill in which they are used. Indeed, in a broad, comprehensive and legitimate sense, the entire apparatus by which gas is manufactured and distributed for consumption throughout a city or town constitutes one great integral machine, consisting of retorts, station-meters, gas-holders, street-mains, service-pipes and consumers' meters, all connected and operating together, by means of which the initial, intermediate

and final processes are carried on, from its generation in the retort to its delivery for the use of the consumers. No satisfactory reason has been suggested by the attorney general for excluding any part of the value of this apparatus from the deduction which the tax commissioners are required to make for the machinery of the corporation properly taxable in the city where it is established, and we have been unable to see any plausible ground for refusing to make such deduction. Therefore, in conformity to the agreement of the parties, the entry is to be                                        *Judgment for the defendants.*